IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KINGRALE COLLINS,                                                                        PLAINTIFF
ADC # 102818

v.                                          4:23CV00708-JM-JTK

JAZMINE SAIH                                                                            DEFENDANT

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

**I.   Introduction**

Kingrale Collins ("Plaintiff") is in custody at the Maximum Security Unit of the Arkansas Division of Correction ("ADC"). He filed pro se complaint pursuant to 42 U.S.C. § 1983 against Registered Nurse Jazmine Saih. (Doc. No. 1). The Court now must screen Plaintiff's claims pursuant to the Prison Litigation Reform Act ("PLRA").

**II.   Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief

from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).   See also 28 U.S.C. § 1915(e) (screening requirements).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).   Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.   See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.   Haines v. Kerner, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.   Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**III.   Discussion**

    **A.   Plaintiff Complaint**

Plaintiff filed a Complaint and an Addendum to his Complaint.   (Doc. Nos. 1, 4).   As the Court of Appeals for the Eighth Circuit has indicated, "pleadings must be construed so as to do justice."   Kiir v. N. Dakota Pub. Health, 651 F. App'x 567, 568 (8th Cir. 2016) (citing Fed. R. Civ. P. 8(e)).   See also Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (pleadings should be read together).   Accordingly, the Court construes the Complaint and Addendum as one pleading.

As mentioned above, Plaintiff sued RN Saih.   (Doc. No. 1).   Plaintiff did not specify if he sued Defendant Saih in her personal capacity, official capacity, or both capacities.   Rather than

provide an explanation of his claims, Plaintiff attached a grievance, Grievance MX-23-00549, to his Complaint. (Id. at 4). Grievance MX-23-00549 reads:

> On June 6, 2023 while on work detail on 4-hoe squad I experienced heat exhaustion dizzy spells from that sever vomiting. This was told to my hoe squad supervisor about my condition. When I came in from work detail I was urgently admitted to the infirmary after my collapse in the shower area; moreover I have been experiencing more constant vomiting and hot flashes in my cell. It has been 5 days since my condition and no medical follow-up has been monitored of this condition. This problem was addressed to medical on July 2, 2023 and no changes or wellness [] too place. I would like to have this followed up on and this will happen again when I go back to hoe squad. I've concluded this to the best of my knowledge and belief.

(Id.).

Grievance MX-23-00549 is dated July 13, 2023 at Step Two. (Id.). On July 24, 2023, Defendant Saih responded to Grievance MX-23-00549 as follows:

> You have been seen in the infirmary on several times for this complaint. On each occasion the infirmary has assessed you. There would be no follow-up warranted for this complaint. You were also educated to stay hydrated. Your vital signs were not indicative of a more serious heat related condition. Your complaint was addressed, and you were educated. It is of the utmost importance that you use heat precautions when working outside, these precautions have been explained to you. Therefore, your grievance is without merit.

(Id. at 5).

When Plaintiff was evaluated, Plaintiff was given a one-day no duty script, and a three-day script for bed rest, no duty, and no sports activities. (Id. at 8-11).

On August 2, 2023, Plaintiff filed another grievance, Grievance MX-23-00587, but the content of Grievance MX-23-00587 is not known. (Doc. No. 4).

Plaintiff asks to be removed from hoe squad and transferred to another unit, among other injunctive relief requested. (Doc. No. 1 at 12).

### B.  Official Capacity Claims Only

Plaintiff did not specify if he brought his claims against Defendant Saih in her personal capacity, official capacity, or both capacities. (Doc. Nos. 1, 4). "If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity." Artis v. Francis Howell N. Band Booster Ass'n, Inc., 161 F.3d 1178, 1182 (8th Cir.1998). Because Plaintiff did not specify whether he was suing Defendant Saih in her personal or official capacity, or both, the Court treats Plaintiff's claims as official capacity claims. The only action by Defendant Saih that can be gathered from Plaintiff's Complaint is that she responded to Grievance MX-23-00549.

"A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Plaintiff identified Defendant Saih as working at the Tucker Maximum Security Unit of the ADC. (Doc. No. 1 at 3). If the ADC is Defendant Saih's employer, Plaintiff's official capacity claims are the equivalent of claims against the ADC. Plaintiff seeks injunctive relief only. While the Eleventh Amendment does not bar prospective injunctive relief, a plaintiff seeking injunctive relief against an ADC official nonetheless must explain how any ADC policy was unconstitutional. Hood v. Norris, 189 F. App'x 580 (8th Cir. 2006) (to establish liability in official-capacity suit under § 1983, plaintiff must show, inter alia, that official named in suit took action pursuant to unconstitutional governmental policy or custom) (internal citation omitted). This Plaintiff has not done.

To the extent Defendant Saih is employed by a third party, Plaintiff's official capacity claims against Defendant Saih are the equivalent of claims against her employer. See Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (1993). To succeed on a claim against the employer,

4

Plaintiff must establish that a policy or custom of the employer was the driving force behind the violation of Plaintiff's rights.  See Corwin v. City of Indep., Missouri, 829 F.3d 695, 699 (8th Cir. 2016) (citing Monel v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989)).   But Plaintiff has not done so.   Accordingly, Plaintiff's claims against Defendant Saih fail.  As such, the Court recommends Plaintiff's claims be dismissed without prejudice for failure to state a claim on which relief may be granted.

### C. Failure to Exhaust Administrative Remedies

The Court notes in addition to the above, it appears that Plaintiff failed to exhaust his administrative remedies.

According to the Prison Litigation Reform Act ("PLRA"),

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001).   In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'"   229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)).   In Johnson v. Jones, the Court held that "[u]nder the plain language of

5

section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original).  Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

Failure to exhaust is an affirmative defense.  But when it is apparent from the face of the complaint that a plaintiff has failed to exhaust his administrative remedies, the court may dismiss the pleading for failure to state a claim.  Jones v. Bock, 549 U.S. 199, 214-15 (2007).  Such is the case here.  Plaintiff received Defendant Saih's response to Grievance MX-23-549 on July 24, 2023.  (Doc. No. 1 at 5).  The appeal section on the grievance is blank.  (Id.).  Plaintiff filed this lawsuit already on July 28, 2023.  Based on the copy of Grievance MX-23-549 included with Plaintiff's Complaint in lieu of a statement of claims, Plaintiff had not completed the appeal process.  As such, Plaintiff failed to exhaust his administrative remedies as to Grievance MX-23-00549 before he filed his lawsuit.  Further, Grievance MX-23-00587 was filed on August 2, 2023—after Plaintiff filed his Complaint.

### IV.   Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 16th day of August, 2023.

                                                                                                 _____
                                                                                                  JEROME T. KEARNEY
                                                                                                  UNITED STATES MAGISTRATE JUDGE